**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | ( |
| | ( |
| BRUCE S. FIGLER | ( Bankruptcy No. 07-25039 JKF |
| | ( |
| Debtor | ( Chapter 13 |
| | ( |
| DIRECTV, INC. | ( |
| | ( |
| Plaintiff(s) | ( |
| | ( |
| v. | ( Adversary No. 07-2480 |
| | ( |
| BRUCE S. FIGLER, | ( **Related to Dkt. No. 27, Motion to Submit** |
| | ( **Issue of Nondischargeability to Court** |
| | ( **Without Trial Transcript** |
| Defendant(s) | ( |
| | ( |

**MEMORANDUM OPINION**[1]

The matter before the Court is DirecTV's Motion to Submit Issue of Nondischargeability to Court Without Trial Transcript.

**FACTS**

DirecTV, Inc., initiated civil litigation against Bruce S. Figler ("Debtor") on May 21, 2004, alleging violations of the Cable Communications Policy Act of 1984, 47 U.S.C. §521, the Electronic Communications Privacy Act of 1986, 18 U.S.C. §2510, and 18 Pa.Cons.Stat. §910, regarding use or possession of devices for theft of telecommunications services. Civ. A. No. 04-773. After a three day trial, the jury returned a verdict against Debtor totaling

---

[1]This Memorandum Opinion constitutes the court's findings of fact and conclusions of law.

1

$70,450 in statutory damages.[2]  Civ. A. Doc. No. 146.  An order entering judgment was issued on April 13, 2007.  Civ. A. Doc. No. 147.  Debtor subsequently filed this bankruptcy case on August 9, 2007, and on September 18, 2007,  DirecTV filed a complaint objecting to the dischargeability of its judgment on the basis of 11 U.S.C. §523(a)(2) and (4).

DirecTV filed a motion for summary judgment on January 7, 2008, Adv. Doc. No. 13, and on March 28, 2008, a hearing was held at which the parties were ordered to meet and confer in an effort to settle and, if a settlement agreement was not filed by May 15, 2008, DirecTV was ordered to provide this court with a copy of the District Court trial transcript no later than June 15, after which we would take the matter under advisement.  *See* Adv. Doc. No. 23, Proceeding Memo of March 20, 2008, hearing.  Instead, DirecTV filed the motion to have the question of dischargeability determined in the absence of a transcript, arguing that because the violations with respect to which the jury rendered its verdict necessarily required it to make a finding that Debtor intentionally acted and "*knowingly* possessed, used or assembled an unlawful telecommunication device that could be used for commission of a theft," Adv. Doc. No. 27 at ¶¶ 24-25 (emphasis in original), collateral estoppel should apply and the debt should be nondischargeable.  We disagree inasmuch as §523(a)(2) requires obtaining, *inter alia*, property or services by false pretenses, actual fraud or by a materially

---

[2]After the District Court entered its judgment, DirecTV filed a "Motion for Attorney Fees and Nontaxable Costs" which had not been decided when this bankruptcy case was filed. *See* Civ. A. No. 04-773, Doc. No. 153.  DirecTV filed a motion in Bankruptcy No. 07-25039, Doc. No. 29, for relief from stay to permit the parties to return to the District Court to have the fee motion decided.  The motion for relief from stay has been continued until such time as this court schedules a hearing on Debtor's amended plan.  The amended plan is due to be filed after this court rules on the merits of this dischargeability action.  *See* Adv. Doc. No. 44, Order of July 29, 2008.

false statement regarding the debtor's financial condition on which the creditor reasonably relied and which was made with the intent to deceive. Section 523(a)(4), in the context of this adversary proceeding, involves larceny. As we explain below, both subsections require proof of intent and nothing in the record before establishes either ground for holding the debt owed to DirecTV to be nondischargeable. Therefore, a transcript is required.

We find that we cannot determine the dischargeability of the debt at issue in the absence of the trial transcript.

The jury found that the Debtor had violated §605(a)[3] and §605(e)(4).[4] *See* Civ. A.

---

[3]Section 605(a) provides, in pertinent part that, with certain exceptions not applicable here:
> no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney, (2) to a person employed or authorized to forward such communication to its destination, (3) to proper accounting or distributing officers of the various communicating centers over which the communication may be passed, (4) to the master of a ship under whom he is serving, (5) in response to a subpoena issued by a court of competent jurisdiction, or (6) on demand of other lawful authority. No person not being authorized by the sender shall intercept any radio communication and divulge or publish . . . such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents . . . knowing that such communication was intercepted, shall divulge or publish . . . such communication (or any part thereof) or use such

(continued...)

3

Doc. No. 146.  Section 605(a) of title 47 of the U.S. Code specifically prohibits certain conduct.  *See* note 3, *supra*.  Section 605(e)(4) prohibits certain conduct regarding devices and equipment, done with knowledge or having reason to know that the device or equipment will be used primarily in unauthorized decryption of satellite cable programming or other services.

Section 2511(1)(a) of title 18 of the United States Code proscribes, *inter alia*, the intentional interception or disclosure of, or use of devices to intercept, certain types of communication.[5]  Section 2520 provides that "any person whose wire, oral, or electronic

---

[3](...continued)
communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. . . .

With respect to certain exceptions not applicable here see §605(b).

[4]Subsection (e)(4) provides:
Any person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other activity prohibited by subsection (a) of this section, shall be fined not more than $500,000 for each violation, or imprisoned for not more than 5 years for each violation, or both.

[5]Section 2511(a) provides, in pertinent part:

(1) Except as otherwise specifically provided in this chapter any person who--
    (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;
    (b) intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral

(continued...)

communication is intercepted . . . may in a civil action recover from the person which engaged in that violation." [6]

The jury also concluded that the Debtor violated §910[7] of title 18 of the Pennsylvania Consolidated Statutes. Civ. A. Doc. No. 146. That section prohibits any conduct that

---

[5](...continued)
    communication when--
        (i) such device. . . transmits a signal through, a wire, cable, or other like connection used in wire communication; or
        (ii) such device transmits communications by radio, or interferes with the transmission of such communication; or
        (iii) such person knows, or has reason to know, that such device or any component thereof has been sent through the mail or transported in interstate or foreign commerce; . . .
    (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;
    (d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; . . .
shall be punished as provided in subsection (4)[providing for fines or imprisonment or both] or shall be subject to suit as provided in subsection (5) [regarding suit by the Federal Government].

Under §2511 the Federal Government is entitled to injunctive relief for the first offense and thereafter there is a mandatory civil fine.

[6]Remedies under §2520 include equitable or declaratory relief, damages and punitive damages, and attorney's fees and litigation costs.

[7]Section 901 provides for a civil action by "[a]ny person aggrieved by a violation" of the section.

5

"makes, distributes, possesses, uses . . . or modifies, alters, programs or reprograms a telecommunication device designed, adapted or which can be used: (i) for commission of a theft of telecommunication service . . . "

Section 523 of title 11 of the United States Code states that a court will "(a) not discharge an individual debtor from any debt [. . .] (2) for money, property, [or] services . . . to the extent obtained by false pretenses, a false representation, or actual fraud. . . . "  Section 523(a)(4) provides that debts for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" will not be discharged.  Sections 523(a)(2) and (a)(4) apply to Chapter 13 cases.  *See* 11 U.S.C. §1328(a).

DirecTV filed its Motion for Summary Judgment asserting that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.  Adv. Doc. No. 13. We granted Debtor an extension of time to respond to DirecTV's motion.  Adv. Doc. No. 17. On March 28, 2008, we ordered DirecTV supply to a transcript of the District Court proceeding by June 15, 2008, so that we could make a determination of nondischargeability. Adv. Doc. No. 24.  Rather than complying, DirecTV filed this Motion to Submit Issue of Nondischargeability Without Trial Transcript asserting that the applicability of §523(a)(2) and (a)(4) can be determined without the benefit of the District Court transcript.  Adv. Doc. No. 27.  Counsel for DirecTV filed a motion to extend the time to comply with the order to provide a transcript, citing the cost (approximately $1,200), Adv. Doc. No. 33, Letter filed by DirecTV, and asserting that it will take between four and six weeks to obtain those transcripts.  Adv. Doc. No. 29, Motion to Extend Time, at ¶ 10.  The Debtor consented to the extension of time, Adv. Doc. No. 30, and this court granted DirecTV's motion for extension.

6

Adv. Doc. No. 31. We now address the question of whether the nondischargeability of the District Court judgment can be determined without the District Court trial transcript.

## DISCUSSION

At the outset, it is important to note that the United States Supreme Court has held that "a bankruptcy court could properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and that were actually litigated and determined in the prior action." *Grogan v. Garner*, 498 U.S. 279, 284 (1991). *Grogan* also noted that "the standard of proof for the dischargeability exceptions in 11 U.S.C. §523(a) is the ordinary preponderance-of-the-evidence standard." *Id.* at 291. *See In re Hilley*, 124 Fed.Appx. 81, 82 (3d Cir. 2005) (noting that "[t]o obtain relief under [§523(a)(2)(A)], a creditor must prove its claim by a preponderance of the evidence"); *Chao v. Rizzi*, 2007 WL 2317335, at *2 (W.D. Pa., Aug. 8, 2007) (noting that "[o]n a claim of nondischargeability under §523(a)(4), . . . the applicable level of proof is a preponderance of the evidence"). We note that the preponderance of the evidence standard applies in civil cases in Pennsylvania with respect to violations of 47 U.S.C. §605(a), 18 U.S.C. §2511(a), and 18 Pa.Cons.Stat. §910(a). *Cf. DirecTV, Inc. v. Walsh*, 2006 WL 3308668, at *1 (M.D. Pa. Oct. 12, 2006) (noting that DirecTV met the preponderance of the evidence standard with respect to 47 U.S.C. §605(a), 18 U.S.C. §2511(a), and 18 Pa.Cons.Stat. §910(a)). Thus, the burden of proof for the §523(a)(2) and (a)(4) are the same as that for the statutes used in the District Court proceeding.

The doctrine of offensive collateral estoppel, also known as issue preclusion, bars a defendant from litigating issues that were previously litigated unsuccessfully in a prior

proceeding. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). In Pennsylvania,

> issue preclusion applies where 1) the issue decided in the prior
> adjudication is identical to the one presented in the later action;
> 2) there was a final judgment on the merits; 3) the party against
> whom it is asserted was a party to or is in privity with a party to
> the prior adjudication; and 4) the party against whom it is
> asserted had a full and fair opportunity to litigate the issue in a
> prior action.

*In re Schlessinger*, 208 Fed.Appx. 131, 133 (3rd Cir. 2006). For a prior adjudication to have issue preclusive effect, "(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment." *In re Granoff*, 2006 WL 1997408, at *6 (Bankr.E.D.Pa. June 6, 2006), *aff'd* 250 Fed.Appx. 494 (3d Cir. 2007).

"Collateral estoppel is applicable if the facts established by the previous judgment . . . meet the requirements of nondischargeability listed in" §523(a)(2) and (a)(4). *In re Docteroff*, 133 F.3d 210, 215 (3d Cir. 1997). However, we are not able to determine whether the District Court judgment has issue preclusive effect because, in the absence of the District Court transcript, DirecTV has failed to meets its "burden of establishing [the applicability of collateral estoppel]" inasmuch as it has not established the facts, legal standards, and issues actually litigated in the District Court proceeding with the "sufficient certainty" necessary for

such a conclusion. *See In re Birenbaum*, 2006 WL 1997478, at *4 (Bankr.W.D.Pa., July 7, 2006).

I.   Requirements for Nondischargeability Under §523(a)(2)

The elements for determining liability under 47 U.S.C. §605(a), 18 U.S.C. §2511, and 18 Pa.Cons.Stat. §910 are not identical to the elements that must be established in order to determine nondischargeability pursuant to 11 U.S.C. §523(a)(2) and (a)(4).[8] Section 523(a)(2) provides that a debt is nondischargeable if it is

>  for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by --
>
>  (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition;
>
>  (B) use of a statement in writing --
>
>  (i) that is materially false;
>
>  (ii) respecting the debtor's . . . financial condition;
>
>  (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
>
>  (iv) that the debtor caused to be made or published with intent to deceive

---

[8] 11 U.S.C. §1328(a) provides that debts of a kind specified in §523(a) are nondischargeable in a Chapter 13 case.

9

Section 523(a)(4), in pertinent part, excepts from discharge a debt for larceny.  Larceny is defined as "the unlawful taking and carrying away of someone else's property with the intent to deprive the possessor of it permanently." *In re Giarratano*, 358 B.R. 106, 110 (D. Del. 2004), *citing Black's Law Dictionary* (8th Ed. 2004).  In order to determine the preclusive effect of a prior district court decision, a determination of the elements for each section at issue in the District Court and the proof presented with respect to same is required.  The party seeking to use collateral estoppel to establish nondischargeability of a debt based on a prior proceeding must establish each element of the applicable subsection of §523(a) by a preponderance of the evidence.  *Grogan v. Garner*, *supra,* 498 U.S. at 287-88; *In re Ozarowski*, 2006 WL 3694547 at *4 (3d Cir. Dec. 12, 2006) . In *Ozarowski*, in holding that silence constituted actual fraud and, therefore, the debt was nondischargeable pursuant to §523(a)(2)(A), the court held that

> for a debt to be nondischargeable under s 523(a)(2)(A) the creditor must prove that:  (1) the debtor presented a fact, opinion, intention or law; (2) the representation was false; (3) the representation was material; (4) the debtor obtained money, property or services through the misrepresentation; (5) the debtor knew at the time that the statement was false (or made with reckless disregard for its truth); (6) the debtor intended the creditor rely on the statement; (7) the creditor actually relied on the statement; (8) the reliance was justified; (9) the creditor sustained damage; and (10) the damages were the proximate

10

cause of the representation.

2006 WL 3694547 at *11-12

The requirements stated in *Ozarowski* for nondischargeability under §523(a)(2)(A) are not identical to the requirements under 47 U.S.C. §605(a) and (e)(4), 18 U.S.C. §2511, or 18 Pa.Cons.Stat. §910 inasmuch as §523(a)(2)(A) deals primarily with obtaining money, property or services through false pretenses, false representations, or actual fraud, and §523(a)(2)(B) concerns use of a written materially false statement regarding a debtor's financial condition on which the creditor relied and with respect to which the debtor had an intent to deceive. The record before us has no information regarding any of the above.

II.     Requirements for Nondischargeability Under §523(a)(4)

With respect to DirecTV's assertion that the debt is nondischargeable under §523(a)(4) inasmuch as it constituted larceny, we note that fraudulent intent is essential to a finding of larceny. To establish a claim of larceny, DirecTV must show that: (1) the Debtor misappropriated the services for his own benefit and (2) that he did so with fraudulent intent. *In re Giarratano*, 358 B.R. 106, 110 (D. Del. 2004).

DirecTV argues that because it "owns" the right to control conditions in which its encrypted transmissions can be viewed, it has a property interest in those transmissions and the unauthorized taking of same constitutes larceny. However, DirecTV has made no showing of the requisite fraudulent intent and none of the statutes at issue in the District Court action include such an element for a finding of liability. Section 605(e) of title 47 of the U.S. Code talks about willful violation of subsection (a). Section 2511 of title 18 U.S.C. refers to

11

intentional conduct with respect to interception, use, or disclosure of wire, oral, or electronic communications. Section 910 of title 18 of the Pennsylvania Consolidated Statutes concerns conduct which involves unlawful telecommunication devices or telecommunication devices which can be used for theft of telecommunication service or otherwise interfere with same without the service provider's consent.[9] Neither the District Court judgment nor the jury's verdict makes mention of intent, and the record is otherwise silent on the matter. Thus, because the record before us now contains no evidence of the requisite fraudulent intent, we cannot determine the applicability of §523(a)(4).

DirecTV points to *In re Docteroff*, 133 F.3d 210 (3d Cir. 1997), where the court said that "a finding of fraud does not require an affirmative statement" and that "a debtor's silence regarding material fact can constitute a false representation actionable under" §523(a)(2)(A). 133 F.3d at 216, *quoting In re Van Horne*, 823 F.2d 1285, 1288 (8th Cir. 1987). This argument is not germane to the matter before us where the statutes at issue in the District Court involved conduct and knowledge.

In order to apply collateral estoppel to the question of the dischargeability of the debt at issue, we must look to the entire record of the prior proceeding, not just the judgment. *See Matter of Ross*, 602 F.2d 604 (3d Cir. 1979); *In re Somerville*, 73 B.R. 826, 837 (Bankr.E.D.Pa. 1987). The record in this case is not like that in *In re Halpern*, 810 F.2d 1061 (11th Cir. 1987), where the court applied issue preclusion because the judgment in the prior

---

[9]Section 2511 and §910 are in the federal and state Crimes Codes, respectively. Although the standard of proof for crimes is beyond a reasonable doubt, the District Court action against Debtor was a civil action inasmuch as both statutes provide for civil penalties. Section 2520 of title 18 U.S.C. speaks only to recovery of civil damages as well.

proceeding contained "detailed recitations of the findings upon which they were based" and those findings "closely paralleled the language" of the Bankruptcy Code. 810 F.2d at 1064. None of these factors exist in the matter before us. Accordingly, in the absence of the District Court transcript, this court cannot determine the issue of the nondischargeability of the debt at issue. The only conclusive facts this court has with regard to the jury trial are the verdict and the judgment, neither of which establish the requirements of §523(a)(2) or (4). Further, the statutes at issue in the District Court action do not involve the intent necessary to find nondischargeability under those subsections of §523. Therefore, DirecTV's Motion to Submit Issue of Nondischargeability Without Trial Transcript will be denied. If DirecTV does not file the trial transcript by the date ordered *infra*, its complaint will be dismissed with prejudice without further notice or hearing.

An appropriate order will be entered.


DATE: _____

Judith K. Fitzgerald
United States Bankruptcy Judge

THE CASE ADMINISTRATOR WILL MAIL COPIES TO THE FOLLOWING:
Alan E. Cech
10521 Perry Highway
Suite 115
Wexford, PA  15090

Dai Rosenblum
254 New Castle Road
Suite B
Butler, PA  16001-2529

Ronda Winnecour
Chapter 13 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

1

## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ( |
| | ( |
| BRUCE S. FIGLER | ( Bankruptcy No. 07-25039 JKF |
| | ( |
| Debtor | ( Chapter 13 |
| | ( |
| DIRECTV, INC. | ( |
| | ( |
| Plaintiff(s) | ( |
| | ( |
| v. | ( Adversary No. 07-2480 |
| | ( |
| BRUCE S. FIGLER, | ( **Related to Dkt. No. 27, Motion to Submit** |
| | ( **Issue of Nondischargeability to Court** |
| | ( **Without Trial Transcript** |
| Defendant(s) | ( |
| | ( |

## ORDER

**AND NOW**, this 30th day of July, 2008, for the reasons expressed in the foregoing Memorandum Opinion, it is **ORDERED** that the Motion to Submit Issue of Nondischargeability to Court Without Trial Transcript is **DENIED**.

It is **FURTHER ORDERED** that DirecTV, Inc., shall file, in this adversary proceeding, a copy of the trial transcript of the jury trial at Civil Action No. 04-773, W.D.Pa., on or before **September 30, 2008.**

It is **FURTHER ORDERED** that once the transcript is filed, the parties shall notify the court that the matter is ready for disposition.

It is **FURTHER ORDERED** that if DirecTV fails to timely file the transcript, an

order dismissing this Adversary Proceeding with prejudice will be entered without further notice or hearing.

_Judith K. Fitzgerald_    jmd
Judith K. Fitzgerald
United States Bankruptcy Judge

THE CASE ADMINISTRATOR WILL SEND COPIES TO THE FOLLOWING:

Alan E. Cech
10521 Perry Highway
Suite 115
Wexford, PA  15090

Dai Rosenblum
254 New Castle Road
Suite B
Butler, PA  16001-2529

Ronda Winnecour
Chapter 13 Trustee cc:

Dated: 7/31/2008
15:05:54